CHARLES B. HUMPHREYS and others

v.

ELIZABETH S. DANSER and others.

Upon a mortgage on lands, given in 1848, by a son to his mother, several payments were endorsed and signed by her. All of them were shown to have been merely receipts for the son's notes and renewals and consolidations of his notes, on which no money was ever actually paid.—*Held*, that the assignee of the mortgage was entitled to recover the full amount of principal and interest.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. M. P. Grey*, for complainants.

*Mr. S. M. Dickinson*, for Elizabeth S. Danser.

THE CHANCELLOR.

This suit is brought to foreclose a purchase-money mortgage given in 1848 by Daniel Danser to Rebecca Danser, his mother, for $772.73 and lawful interest, on certain lands in Salem county, conveyed by her to him, and certain other land assigned to him in partition for his interest in the land of which his father died seized; and, also, to foreclose a mortgage for $227.58, with lawful interest, in which she was interested (being entitled to the interest thereon), given by her and Borden Danser and Daniel Danser, in 1845, on the same premises, which were subsequently, as above mentioned, conveyed by her to Daniel, and the undivided shares of Borden and Daniel in the real estate of which their father died seized. By the deed from her to Daniel, he assumed the payment of the last-mentioned mortgage. The payment thereof by him was expressly and explicitly declared to be part of the consideration of that conveyance. Mrs. Danser assigned the first-mentioned mortgage, and her interest in the other, to the complainants.

Humphreys *v.* Danser.

It appears that Daniel, who is now dead, from time to time, gave to his mother (she is about eighty-five years old) his promissory notes, with no security, for considerable sums of money, on account of the mortgage for $772.73, and renewed and consolidated them in other like notes, but he never paid anything whatever upon them, and he in fact never paid anything upon either of the mortgages. He wrote upon the bond accompanying the mortgage for $772.73, various receipts which his mother signed, acknowledging the receipt of various considerable amounts on account of the bond, but she swears that he paid nothing, and that the receipts were given for his notes. On the notes he wrote receipts for various sums, which were also signed by her, but those receipts appear to have been given, not for money, but for his notes. The notes, except such as were taken up on renewal or consolidation, are produced. The giving of these notes was no payment, and did not, under the circumstances, as between the mortgagee or her assignee, and the mortgagor or his heirs, discharge the lien of the mortgage for the moneys for which they were given. *Jones on Mort.* §§ *918, 932, 935 ; Shipman* v. *Cook, 1 C. E. Gr. 244; Hutchinson* v. *Swartsweller, 4 Stew. 206.*

There will be a decree for the complainants for the whole amount of principal and interest of the mortgage for $772.73, and for David Scull, surviving mortgagee, for the principal and interest of the mortgage for $227.58; but the complainants show themselves to be entitled to the interest on that mortgage by assignment from Rebecca Danser.